■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE SCHAEFFER, Appellant. [678 NYS2d 97] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered October 27, 1995, convicting defendant, upon her plea of guilty, of 96 counts of aggravated harassment in the second degree pursuant to Penal Law § 240.30 (1), 187 counts of aggravated harassment in the second degree pursuant to Penal Law § 240.30 (2), one count of aggravated harassment in the second degree pursuant to Penal Law § 240.30 (3), one count of criminal contempt in the second degree, one count of tampering with a witness in the fourth degree, one count of harassment in the first degree, and six counts of harassment in the second degree, and sentencing her to two consecutive prison terms of 6 months on the convictions for aggravated harassment in the second degree pursuant to Penal Law § 240.30 (3) and criminal contempt and conditional discharges on the remaining convictions, unanimously affirmed.

Since defendant did not move to withdraw her plea, her current claims are unpreserved for appellate review (*see, People v Johnson*, 82 NY2d 683, 685), and we decline to review them in the interest of justice. Were we to review these claims, we would find from our examination of the record that the plea was made knowingly, intelligently and voluntarily. The court

clearly warned defendant that a violation of the prior orders of protection would be a violation of the plea bargain, in which event the court would not be bound by its promise of a sentence of six months and could impose a sentence as high as two years. Therefore, when defendant committed significant violations of the order, the court was entitled to enhance defendant's sentence without giving her an opportunity to withdraw her plea (*see, People v Thompson*, 246 AD2d 309), for which reason defense counsel's failure to move to vacate the plea did not constitute ineffective assistance of counsel. Concur—Milonas, J. P., Rosenberger, Ellerin and Andrias, JJ.