■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLIN CARD, Appellant. [711 NYS2d 912] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 16, 1998 (*People v Card,* 248 AD2d 547), affirming a judgment of the County Court, Nassau County, rendered June 19, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Santucci, Thompson and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DELEG, Appellant. [712 NYS2d 385] —Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered December 21, 1998, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, with costs.

The defendant's contention that the County Court erred in denying his motion to withdraw his guilty plea without holding a hearing is without merit. Whether to allow a defendant to withdraw a plea of guilty rests within the sound discretion of the sentencing court (*see,* CPL 220.60 [3]; *People v Smith,* 268 AD2d 605; *People v White,* 226 AD2d 750), and only in "the rare instance" is a defendant entitled to an evidentiary hearing (*People v Tinsley,* 35 NY2d 926, 927; *accord, People v Rodriguez,* 150 AD2d 812).

The record shows that the defendant knowingly and voluntarily entered his plea after having been fully advised of his rights by the County Court (*see, People v Harris,* 61 NY2d 9). As the County Court had the defendant's motion papers before it, and the defendant was given an ample opportunity to advance his claims, the court did not err in denying the motion without a hearing (*see, People v Rodriguez, supra*). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.