■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL H. WILKS, Appellant. [728 NYS2d 317] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3] [child less than 11 years old]), defendant contends that County Court erred in enhancing his sentence without affording him the opportunity to withdraw his guilty plea; that the sentence is unduly harsh or severe; and that the permanent order of protection impermissibly extends more than three years beyond the maximum expiration date of defendant's term of incarceration.

The evidence at the *Outley* hearing (*see, People v Outley,* 80 NY2d 702) established that defendant knowingly violated a written "Release Under Supervision Contract" requiring defendant to stay away from "places where children congregate." The court thus properly imposed an enhanced sentence without affording defendant the opportunity to withdraw his plea (*see, People v Schaeffer,* 254 AD2d 33, *lv denied* 92 NY2d 1053; *see generally, People v Outley, supra,* at 712-714). The sentence imposed, a five-year determinate term of incarceration and a three-year period of post-release supervision (*see,* Penal Law § 70.45 [2]), is not unduly harsh or severe (*cf., People v Nunez,* 267 AD2d 1050, 1051, *lv denied* 94 NY2d 905). The order of protection must be amended, however, by limiting the duration of the permanent order of protection to three years following the maximum expiration date of the "determinate sentence of imprisonment actually imposed" (CPL 530.13 [4]; *see, People v Gibbons,* 270 AD2d 937, 938; *People v Nunez, supra,* at 1051). (Appeal from Judgment of Genesee County Court, Noonan, J.—Sexual Abuse, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.