■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT J. HARRIS, Appellant. [727 NYS2d 233] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [3]) and one count of robbery in the third degree (Penal Law § 160.05). He was sentenced to determinate terms of incarceration of five years for each count of robbery in the first degree and to an indeterminate term of incarceration of 1⅓ to 4 years for robbery in the third degree, all to run concurrently. Contrary to the contention of defendant, the 3½-year period of post-release supervision (*see,* Penal Law § 70.45 [2]) is not unduly harsh or severe. We agree with defendant, however, that the order of protection issued in favor of the victim of robbery in the third degree exceeds the maximum legal duration. "An order of protection shall not exceed the greater of five years from the date of the conviction or three years from the date of the expiration of the maximum term of imprisonment imposed (*see,* CPL 530.13 [4])" (*People v Gibbons,* 270 AD2d 937, 938). The three years may not be added to the aggregate sentence, but rather "must be added to the maximum term of the sentence imposed upon the count[ ] upon which the order of protection was issued" (*People v Warren,* 280 AD2d 75, 77). Thus, the order of protection at issue may not exceed three years from the expiration of the four-year maximum term of the indeterminate sentence (*see, People v Nunez,* 267 AD2d 1050, 1051, *lv denied* 94 NY2d 905). We further note that the three orders of protection issued in favor of the three victims must be further amended to take into account any jail time credit to which defendant is entitled for the time that he spent in custody prior to the commencement of those sentences (*see,* Penal Law § 70.30 [3] [a]). The orders of protection may not exceed three years from the remaining terms of the determinate sentences and the remaining maximum term of the indeterminate sentence (*see generally,* CPL 530.13 [4]; *People v Wilks,* 284 AD2d 905). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Robbery, 1st Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.