■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON J. VIEHDEFFER, Appellant. [732 NYS2d 605] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: We agree with defendant that County Court erred in imposing a 10% surcharge on the amount of restitution ordered. The affidavit of the director of the Probation Department fails to establish "that the actual cost of the collection and administration of restitution" exceeds 5% of the amount of restitution imposed (Penal Law § 60.27 [8]; see, People v Christie, 285 AD2d 980; People v Hill, 277 AD2d 971). We therefore modify the judgment by reducing the surcharge to 5%. Further, as the People concede, the permanent order of protection must be amended by limiting its duration to "three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled (see, People v Christie, supra; People v Harris, 285 AD2d 980). We therefore further modify the judgment accordingly. We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Genesee County Court, Noonan, J.—Burglary, 2nd Degree.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE KUSSE, Appellant. [732 NYS2d 188] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress tangible evidence seized from his apartment pursuant to a search warrant that authorized any executing police officer to enter the apartment without giving notice of his authority and purpose (see, CPL 690.35 [4] [b]). Contrary to defendant's contention, the no-knock provision of the warrant was justified by more than the category of criminal activity under investigation (cf., Richards v Wisconsin, 520 US 385, 388). Rather, the facts alleged in the warrant application provide reasonable cause to believe that the property sought, i.e., computer files, images and equipment, "may be easily and quickly destroyed or disposed of" (CPL 690.35 [4] [b] [i]; see, People v Ackerman, 237 AD2d 849, 850-851, lv denied 89 NY2d 1087; People v Israel, 161 AD2d 730, 731). The sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Possessing Sexual Performance by Child.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.