■ The People of the State of New York, Respondent, v Divine Martin, Appellant. [737 NYS2d 549] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 14, 2000, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove by a preponderance of the evidence that he was fit to stand trial. "Where the hearing court is presented with conflicting evidence of competency, great deference will be accorded its findings" (*People v Orama,* 150 AD2d 505, 506). We find no basis to disturb the hearing court's determination, which was based on its assessment of the reliability of the expert witnesses (*see, People v Cox,* 196 AD2d 596; *People v Childress,* 177 AD2d 498, *affd* 81 NY2d 263).

The decision whether to grant a defendant permission to withdraw his or her plea lies in the sound discretion of the court (*see, People v Deleg,* 274 AD2d 522; *People v Tinsley,* 35

NY2d 926). The Supreme Court providently exercised its discretion, as the defendant's allegations in support of his application to withdraw his plea at sentencing were unsubstantiated and belied by his statements during the plea proceedings (*see, People v Weekes,* 289 AD2d 599; *People v Fernandez,* 278 AD2d 241, *lv denied* 97 NY2d 655). To the extent that the defendant's contentions are based upon matters dehors the record, they may not be considered on direct appeal.

The issues raised by the defendant in his supplemental pro se brief are not subject to appellate review as they were either forfeited by his plea of guilty (*see, People v Hansen,* 95 NY2d 227; *People v Glaudel,* 235 AD2d 492), encompassed by the waiver of the right to appeal (*see generally, People v Muniz,* 91 NY2d 570), or based on matters dehors the record (*see, People v Santana,* 279 AD2d 641). Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.