■ The People of the State of New York, Respondent, v Louis A. Puno, Appellant. [741 NYS2d 790] —Appeal from a judgment of Genesee County Court (Noonan, J.), entered April 14, 2000, convicting defendant after a jury trial of, inter alia, rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by amending the permanent order of protection to limit its duration to "three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled and as modified the judgment is affirmed.

Memorandum: Contrary to defendant's contention, the verdict is not against the weight of the evidence on the issue of identification (*see People v Jordan*, 261 AD2d 947, *lv denied* 93 NY2d 1003). The further contention of defendant that he was denied a fair trial by comments made by the prosecutor on summation is not preserved for our review (*see* CPL 470.05 [2]; *People v Hilliard*, 279 AD2d 590, *lv denied* 96 NY2d 784), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We agree with defendant, however, that the permanent order of protection exceeds the maximum legal duration. "[A]s the People concede, the permanent order of protection must be amended by limiting its duration to 'three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed' (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled" (*People v Viehdeffer*, 288 AD2d 860, 860; *see also People v Harris*, 285 AD2d 980; *People v Wilks*, 284 AD2d 905, *lv denied* 96 NY2d 926). We therefore modify the judgment accordingly. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.