FOURTH DEPARTMENT, JUNE, 2002

(June 14, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL L. RIDGEWAY, Appellant. [743 NYS2d 751] —Appeal from a judgment of Niagara County Court (Noonan, J.), entered May 26, 2000, convicting defendant after a jury trial of, inter alia, rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (two counts) (Penal Law § 130.35 [3]), sodomy in the first degree (§ 130.50 [3]) and sexual abuse in the first degree (two counts) (§ 130.65 [3]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray,* 86 NY2d 10, 19). In any event, that contention is without merit. In addition to the sworn testimony of the victim describing the offenses, the People presented uncontroverted objective medical findings that were consistent with the victim's testimony. We further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495).

Defendant also failed to preserve for our review his contention that County Court erred in permitting the victim's aunt to testify concerning the victim's disclosure of the offenses to her (*see People v Castro,* 255 AD2d 331, *lv denied* 92 NY2d 1030). In any event, that testimony was properly admitted under the prompt outcry exception to the hearsay rule (*see People v McDaniel,* 81 NY2d 10, 16-17; *People v Kornowski,* 178 AD2d 984, 984-985, *lv denied* 89 NY2d 1096). Although the court erred in permitting the witness to provide details of the disclosure (*cf. McDaniel,* 81 NY2d at 16-18), the error is harmless. The evidence is overwhelming and there is no significant probability that defendant would have been acquitted but for the error (*see People v Rice,* 75 NY2d 929, 932; *cf. McDaniel,* 81 NY2d at 20). Defendant failed to preserve for our review his further contention that the court erred in permitting a police officer to testify that defendant told her that he believed the victim was "truthful" (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. We have reviewed the contentions in defendant's pro se supplemental brief and conclude that those contentions are without merit. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.