■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. REGAN, Appellant. [753 NYS2d 779] —Appeal from a judgment of Genesee County Court (Noonan, J.), entered January 30, 2001, convicting defendant after a jury trial of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by amending the order of protection to limit its duration to "three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of sexual abuse in the first degree

(Penal Law former § 130.65 [3]) and sentencing him as a second violent felony offender to a determinate term of incarceration of six years. Contrary to defendant's contention, the verdict is not against the weight of the evidence on the issue whether defendant molested the victim (*see People v Ridgeway,* 295 AD2d 879, 880, *lv denied* 98 NY2d 713; *People v Miller,* 294 AD2d 951; *People v Robinson,* 286 AD2d 989, *lv denied* 97 NY2d 658; *see generally People v Bleakley,* 69 NY2d 490, 495). The jury's determination of credibility is entitled to great deference, and there is no basis for concluding that the jury failed to give the evidence the weight it should be accorded (*see Robinson,* 286 AD2d 989; *see also Bleakley,* 69 NY2d at 495). The sentence is not unduly harsh or severe.

As conceded by the People, however, the order of protection must be amended by limiting its duration to "three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled (*see People v Holmes,* 294 AD2d 871, 872, *lv denied* 98 NY2d 730; *People v Puno,* 294 AD2d 875, 876, *lv denied* 98 NY2d 680; *People v Viehdeffer,* 288 AD2d 860). We therefore modify the judgment accordingly. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.