■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE EADDY, Appellant. [753 NYS2d 742] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 5, 2001, convicting him of rape in the first degree, upon his plea of guilty, sentencing him to a determinate term of six years imprisonment, and issuing an order of protection to remain in effect until July 4, 2010.

Ordered that the judgment is modified, on the law, by deleting the provision of the order of protection to remain in effect until July 4, 2010; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

As the People correctly concede, the Supreme Court's determination of the duration of the order of protection issued at sentencing pursuant to CPL 530.13 (4) should have taken into account the defendant's jail-time credit (*see People v Holmes*, 294 AD2d 871, *lv denied* 98 NY2d 730; *People v Harris*, 285 AD2d 980). As this issue concerns the defendant's right to be sentenced as provided by law, review is not precluded by the defendant's waiver of the right to appeal or by his failure to raise the issue in the Supreme Court (*see People v Samms*, 95 NY2d 52; *People v Seaberg*, 74 NY2d 1; *People v Holmes, supra; People v Warren*, 280 AD2d 75). The matter therefore is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

Contrary to the defendant's contention, the minutes of the plea allocution establish that his waiver of the right to appeal was knowing, voluntary, and intelligent (*see People v Callahan*, 80 NY2d 273). The waiver precludes review of his contention that the sentence imposed was excessive (*see People v Muniz*, 91 NY2d 570; *People v Harris*, 291 AD2d 458).

The defendant's waiver of the right to appeal does not preclude review of his contention that the plea was not voluntary. However, we find this contention to be without merit (*see People v Harris*, 61 NY2d 9). Furthermore, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea, as his allegations were belied by the minutes of the plea allocution (*see People v Martin*, 291 AD2d 459; *People v McAllister*, 248 AD2d 641).

The contentions in the defendant's supplemental pro se brief regarding the alleged ineffectiveness of counsel during the pre-plea proceedings are unpreserved for appellate review (*see People v Vega*, 256 AD2d 367; *People v Bartlett*, 215 AD2d 489), or rely on matter dehors the record (*see People v Martin, supra*). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.