■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE GADSDEN, Also Known as GADSEN, Appellant. [760 NYS2d 180] —Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered February 14, 2001, which was determined by decision and order of this Court dated October 7, 2002. By decision and order on motion dated February 7, 2003, this Court denied the defendant's motion to amend the decision and order of this Court dated October 7, 2002.

Now, on the Court's own motion, it is

Ordered that the decision and order on motion dated February 7, 2003, in the above-entitled matter is recalled and vacated, and the following decision and order on motion is substituted therefor:

Motion by the appellant, in effect, for leave to reargue an appeal from a judgment of the Supreme Court, Kings County, rendered February 14, 2001, which was determined by decision and order of this Court dated October 7, 2002.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated October 7, 2002 (298 AD2d 402 [2002]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered February 14, 2001, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and resisting arrest, after a nonjury trial, and criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to determinate terms of imprisonment of seven years on the conviction of assault in the second degree, one year on the conviction of criminal possession of a weapon in the fourth degree, one year on the conviction of resisting arrest, and five years on the conviction of criminal possession of a weapon in the third degree, with an order of protection remaining in effect until February 14, 2013.

Ordered that the judgment is modified, on the law, by deleting the provision in the order of protection which provides that it shall remain in effect until February 14, 2013; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the expiration date of the order of protection in accordance herewith.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crime of assault in the second degree beyond a reasonable doubt (*see People v Briggs,* 285 AD2d 514 [2001]; *People v Brendan C.,* 216 AD2d 918 [1995]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, the Supreme Court erred in setting the expiration date of the order of protection 12 years after the defendant's conviction. Since the defendant was sentenced to a determinate term of seven years, the maximum permissible duration of the order of protection was three years from the date of the expiration of his sentence (*see* CPL 530.13 [4]). Consequently, we remit the matter for a new determination of the expiration date of the order of protection, taking into account the defendant's jail-time credit. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.