■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SMITH, Appellant. [764 NYS2d 873] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Westchester County (Angiolillo, J.), imposed March 21, 2002, convicting him of assault in the second degree, upon his plea of guilty, the sentence being a determinate term of three years imprisonment and an order of protection to remain in effect until March 21, 2008.

Ordered that the sentence is modified, on the law, by deleting the provision in the order of protection that it shall remain in effect until March 21, 2008; as so modified, the sentence is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The Supreme Court's determination of the duration of the order of protection issued at sentencing pursuant to CPL 530.13 (4) should have taken into account the defendant's jail-time credit (*see People v Nieves,* 305 AD2d 520 [2003]; *People v Gadsden,* 303 AD2d 764 [2003]; *People v Eaddy,* 302 AD2d 473 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Regan,* 302 AD2d 867 [2003], *lv denied* 99 NY2d 657 [2003]). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new determination as to the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant's remaining contention is unpreserved for appellate review. Prudenti, P.J., Florio, Krausman, H. Miller and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SPRAGION, Appellant. [765 NYS2d 252] —Application by appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 26, 2001 *(People v Spragion,* 288 AD2d 498 [2001]), affirming a judgment of the Supreme Court, Kings County, rendered August 13, 1999.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel *(see Jones v Barnes,* 463 US 745 [1983]). Florio, J.P., Krausman, Friedmann and Adams, JJ., concur.