■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY SERRANO, Appellant. [765 NYS2d 662] —Appeal by the defendant from a sentence of the County Court, Westchester County (Dickerson, J.), imposed June 11, 2002, upon his conviction of sodomy in the first degree, sexual abuse in the first degree, unlawful imprisonment, and endangering the welfare of a child, upon his plea of guilty, the sentence being concurrent determinate terms of imprisonment of seven years on the conviction of sodomy in the first degree, seven years on the conviction of sexual abuse in the first degree, one year on the conviction of unlawful imprisonment, and one year on the conviction of endangering the welfare of a child, a period of postrelease supervision of five years on the conviction of sodomy in the first degree and 3½ years on the conviction of sexual abuse in the first degree, and an order of protection to remain in effect until June 11, 2012.

Ordered that the sentence is modified, on the law, by reducing the period of post-release supervision on the conviction of sexual abuse in the first degree from 3½ years to 3 years, and deleting from the order of protection the provision that it remain in effect until June 11, 2012; as so modified, the sentence is affirmed, and the matter is remitted to the County Court, Westchester County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

Contrary to the defendant's contention, he was not eligible for youthful offender treatment. Since the defendant was convicted of sodomy in the first degree, and was the sole participant in the crime, he could only be adjudicated a youthful offender if "mitigating circumstances" existed "that [bore] directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i], [ii]). Although the defendant presented the sentencing court with evidence, inter alia, that he had a psychiatric disorder and had been required to discontinue certain psychotropic medications before the offense because of their side effects, these were not mitigating circumstances relating to the manner in which the sexual assault was committed. Ac-

cordingly, the defendant could not be adjudicated a youthful offender (*see People v Jhang*, 302 AD2d 606 [2003]; *People v Fields*, 287 AD2d 577, 578 [2001]; *People v Victor J.*, 283 AD2d 205 [2001]).

The sentence imposed was neither harsh nor excessive (*see People v Suitte*, 90 AD2d 80 [1982]). However, as the People correctly concede, the County Court erred in imposing a postrelease supervision period of 3½ years for the defendant's conviction of sexual abuse in the first degree because the maximum period of postrelease supervision authorized for a class D violent felony is three years (*see* Penal Law § 70.45 [2]; *People v Babcock*, 304 AD2d 912 [2003]). Since it is clear that the County Court intended to impose upon the defendant the maximum period of postrelease supervision, and we find that it would be appropriate to do so, the judgment is modified to reflect the intention of the court (*see People v Morales*, 288 AD2d 328 [2001]). In addition, we agree with the defendant's contention that the County Court's determination of the duration of the order of protection issued at sentencing pursuant to CPL 530.13 (4) should have taken into account his jail-time credit (*see People v Nieves*, 305 AD2d 520 [2003]; *People v Gadsden*, 303 AD2d 764 [2003]; *People v Eaddy*, 302 AD2d 473 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Regan*, 302 AD2d 867 [2003], *lv denied* 99 NY2d 657 [2003]). Accordingly, we remit the matter to the County Court, Westchester County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Prudenti, P.J., Krausman, H. Miller and Mastro, JJ., concur.