■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY DIXON, Appellant. [792 NYS2d 110]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (DiFiore, J.), rendered May 29, 2003, convicting him of sexual abuse in the first degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until May 29, 2011, is vacated, on the law, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant contends that the Supreme Court improperly issued an order of protection in favor of the victims at sentencing because such order was not part of the plea agreement, and thus, the defendant should have been permitted to withdraw his plea. This contention is unpreserved for appellate review, as the defendant never moved to vacate his plea and never raised this assertion before the sentencing court (*see* CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636, 637 [1983]). In any event, the contention is without merit because the order of protection was not part of the sentence imposed (*see People v Nieves,* 2 NY3d 310, 316 [2004]; *People v Peters,* 232 AD2d 432 [1996]; *People v Ela,* 226 AD2d 474 [1996]; *People v Oliver,* 182 AD2d 716 [1992]).

However, since the defendant did object to the order of protection on the ground that it failed to include his jail-time credit, this issue is preserved and the matter must be remitted for a new determination of the duration of the order of protection to account for the defendant's jail-time credit (*see* CPL 530.13 [4]; *People v Nieves, supra* at 317-318; *People v Eaddy,* 302 AD2d 473 [2003]). Florio, J.P., Adams, Goldstein, Rivera and Spolzino, JJ., concur.