■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JOHNSON, Appellant. [790 NYS2d 875]—Appeal by the defendant from an amended judgment of the County Court, Westchester County (Lange, J.), rendered June 10, 2002, revoking a sentence of probation previously imposed, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree.

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 5, 2002, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of three orders of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until August 2, 2010, are vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection, taking into account the defendant's jail-time credit.

The defendant failed to preserve for appellate review his claim that the duration of the orders of protection issued at the time of sentencing exceeded the maximum permissible period under CPL 530.13 (4). The defendant did not raise this issue at the time of sentencing or move to amend the final orders of protection (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310 [2004]). However, in light of the previous position adopted and followed by this Court in cases decided prior to the Court of Appeals decision in *People v Nieves* (*supra; see e.g. People v Eaddy*, 302 AD2d 473 [2003]; *People v Holmes*, 294 AD2d 871 [2002]; *People v Harris*, 285 AD2d 980 [2001]), we reach this claim in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). As the People correctly concede, the duration of the three orders of protection issued at the time of sentencing in this case exceeded the maximum permissible period under CPL 530.13 (4). Pursuant to CPL 530.13 (4), while a court may include an order of protection as a component of a felony sentence, "[t]he duration of such an order . . . shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of an indeterminate sentence of imprisonment actually imposed" (*see People v Gadsden*, 303 AD2d 764 [2003]; *People v Harris, supra*). Moreover, the duration of the order of protection must take into account any jail-time credits (*see People v Smith*, 308 AD2d 604 [2003]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection (*see People v Nieves, supra; People v Eaddy, supra*).

We take this opportunity, however, to highlight and to join in the recommendations of the Court of Appeals on the issue of how best to address problems relating to the expiration of orders of protection issued at the time of sentencing. The Court noted in *People v Nieves (supra* at 317): "A sentencing court cannot predict the extent of allowable jail time credit before such calculations are made by DOCS. If alerted to the fact that jail time credit will arise, however, the court can retain jurisdiction over the matter so that adjustments necessitated by subsequent events can be made as efficiently as possible. Because sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary. By returning to the issuing court, defendant can expeditiously obtain correction of the orders and, even if not successful, will have created a record that will facilitate appellate review (*see generally People*

*v Kinchen*, 60 NY2d 772 [1983])." Prudenti, P.J., Florio, H. Miller, Krausman and Mastro, JJ., concur.