■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOVANNY LOPEZ, Appellant. [792 NYS2d 116]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered May 30, 2002, convicting him of attempted murder in the second degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until April 25, 2020, is vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant's contention that the duration of the final order of protection failed to take into account his jail-time credit is unpreserved for appellate review. The defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves,* 2 NY3d 310, 316-318 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson,* 16 AD3d 521 [2005] [decided herewith]), and find that the Supreme Court's determination of the duration of the order of protection in favor of Maria Lopez issued at sentencing should have taken into account the defendant's jail-time credit (*see People v Serrano,* 309 AD2d 822 [2003]; *People v Smith,* 308 AD2d 604 [2003]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the final order of protection, taking into account the defendant's jail-time credit. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.