■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAI CHAN, Appellant. [792 NYS2d 118]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered June 12, 2003, convicting him of reckless endangerment in the first degree and criminal contempt in the first degree, upon his plea of guilty, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until June 12, 2011, is vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, taking into account the defendant's jail-time credit.

The defendant's contention that the duration of the final order of protection failed to take into account his jail-time credit is unpreserved for appellate review. The defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15

[6] [a]; *People v Johnson,* 16 AD3d 521 [2005] [decided herewith]). Since the order of protection did not take into account the defendant's jail-time credit (*see People v Serrano,* 309 AD2d 822 [2003]; *People v Smith,* 308 AD2d 604 [2003]), we remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the final order of protection, taking into account the defendant's jail-time credit. Prudenti, P.J., S. Miller, Ritter, Santucci and Rivera, JJ., concur.