■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JACKSON, Appellant. [795 NYS2d 310]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered August 1, 2002, convicting him of criminal contempt in the first degree, criminal trespass in the second degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until August 1, 2008, is vacated, on the law and as a matter of discretion in the interest of justice, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection.

The defendant's contention that the evidence at trial was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Any possible improper motive of the complainant, and any inconsistencies in her testimony, merely created issues of credibility for the trier of fact to determine (*see People v Gantt*, 294 AD2d 446 [2002]; *People v Hayden*, 221 AD2d 367 [1995]).

The defendant's contention that the duration of the final order of protection failed to take into account his jail-time credit is unpreserved for appellate review. The defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson*, 16 AD3d 521 [2005]). As the People correctly concede, the Supreme Court erred in setting the expiration date of the order of protection six years after the defendant's conviction. Since the order of protection did not take into account the defendant's jail-time credit (*see People v Serrano*, 309 AD2d 822 [2003]; *People v Smith*, 308 AD2d 604 [2003]), we remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the final order of protection, taking into account the defendant's jail-time credit. S. Miller, J.P. Ritter, Goldstein and Mastro, JJ., concur.