■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALLUMS, Appellant. [795 NYS2d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered March 28, 2003, convicting him of burglary in the first degree, attempted assault in the first degree, reckless endangerment in the first degree, menacing in the second degree, endangering the welfare of a child (four counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Upon the appeal from the judgment, the duration of five orders of protection issued at the time of sentencing will be reviewed as a

matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until March 27, 2012, are vacated, on the law and as a matter of discretion in the interest of justice, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new determination as to the duration of the orders of protection, taking into account the defendant's jail-time credit.

The defendant's contention that the evidence was legally insufficient to establish that he intended to cause injury to his wife is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of attempted assault in the first degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the duration of the final orders of protection failed to take into account his jail-time credit is unpreserved for appellate review. The defendant did not raise this issue at sentencing nor did he move to amend the final orders of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Johnson*, 16 AD3d 521 [2005]). The Supreme Court erred in setting the expiration date of the orders of protection nine years after the defendant's conviction. Since the orders of protection did not take into account the defendant's jail-time credit (*see People v Nieves*, 305 AD2d 520 [2003], *affd* 2 NY3d 310 [2004]; *People v Pettiford*, 1 AD3d 466 [2003]; *People v Serrano*, 309 AD2d 822 [2003]; *People v Smith*, 308 AD2d 604 [2003]), we remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the final orders of protection, taking into account the defendant's jail-time credit. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.