■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION PETERKIN, Also Known as DAMEON PETERKIN, Appellant. [815 NYS2d 103]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Gerges, J.), rendered September 9, 2003, convicting him of robbery in the second degree under indictment No. 7896/02, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered September 9, 2003, revoking a sentence of probation previously imposed by the same court (DiMango, J.), upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of robbery in the third degree under indictment No. 1135/02. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of his omnibus motion which was to suppress identification testimony. Upon the appeal from the judgment, the duration of an order of protection issued at the time of sentencing will be reviewed as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Ordered that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until September 8, 2018, is vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection; and it is further,

Ordered that the judgment and the amended judgment are affirmed.

The defendant's contention that identification evidence should have been suppressed because the lineup was unduly suggestive is unpreserved for appellate review (*see* CPL 470.05

[2]; *People v Velez*, 222 AD2d 625, 626 [1995]), and in any event, is without merit. The defendant's age and physical characteristics were sufficiently similar to the other participants in the lineup as to negate any likelihood that the defendant would be singled out for identification (*see People v Jackson*, 98 NY2d 555, 559 [2002], quoting *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Cotterell*, 251 AD2d 679 [1998]).

The defendant's contention that he was denied the effective assistance of counsel solely because the defense counsel did not argue that the lineup was unduly suggestive based on the ages of the defendant and the lineup fillers is without merit. The defendant failed to show that his counsel did not provide meaningful representation in light of the circumstances (*see People v Schulz*, 4 NY3d 521, 531 [2005]; *People v Flores*, 84 NY2d 184, 189 [1994]). "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's *right to a fair trial*" (*People v Caban*, 5 NY3d 143, 152 [2005] [emphasis added]; *see People v Benevento*, 91 NY2d 708, 712 [1998]). The defense counsel's failure to argue that the lineup was unduly suggestive was not so egregious as to warrant a new trial, particularly as the lineup itself does not appear to have been unduly suggestive.

As the People correctly concede, the duration of the order of protection, set to expire on September 8, 2018, exceeded the maximum permissible period under CPL 530.13 (4). The issue was not preserved for appellate review as the defendant did not raise this issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]). However, we reach this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Wai Chan*, 16 AD3d 526 [2005]). Pursuant to CPL 530.13 (4), the duration of an order of protection issued in connection with a felony conviction "shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of . . . a determinate sentence of imprisonment actually imposed" (*People v Gadsden*, 303 AD2d 764, 765 [2003]; *see People v Harris*, 285 AD2d 980 [2001]). Moreover, the duration of the order of protection must take into account any jail-time credit for time served (*see People v Dixon*, 16 AD3d 517 [2005]; *People v Smith*, 308 AD2d 604 [2003]; *People v Eaddy*, 302 AD2d 473 [2003]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the

order of protection *(see People v Dixon, supra; People v Eaddy, supra)*.

The defendant's argument pertaining to his violation of probation is without merit. Schmidt, J.P., Santucci, Rivera and Dillon, JJ., concur.