■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SANCHEZ, Appellant. [963 NYS2d 404]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered November 3, 2011, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's valid waiver of his right to appeal (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Muniz*, 91 NY2d 570 [1998]) precludes appellate review of his claim that the County Court violated CPL 380.50 by not asking him if he wished to make a statement at sentencing (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Torovillota*, 96 AD3d 787, 788 [2012]; *People v Arrington*, 94 AD3d 903 [2012]; *People v Collier*, 71 AD3d 909, 910 [2010]).

The defendant's contentions that the County Court erred in failing to state on the record the duration of the order of protection or to take into account the defendant's jail-time credit are unpreserved for appellate review, since the defendant did not raise these issues at sentencing or move to amend the final order of protection on these grounds (*see People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v Reynolds*, 85 AD3d 825 [2011]; *People v Peterkin*, 27 AD3d 666, 667 [2006]; *cf. People v Dixon*, 16 AD3d 517 [2005]). We decline to exercise our interest of justice jurisdiction to review these contentions. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.