The People of the State of New York, Respondent,
against
Werner Manalang, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Dorothy Chin Brandt, J.), rendered April 7, 2014. The judgment, insofar as appealed from as limited by the brief, upon convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fifth degree and imposing sentence, issued a permanent order of protection in favor of Noel Melgara.




ORDERED that the judgment of conviction, insofar as appealed from, is reversed, on the law and as a matter of discretion in the interest of justice, and the permanent order of protection in favor of Noel Melgara is vacated.
On March 6, 2013, following an incident which began as a confrontation between defendant, discovered trespassing in a residential building, and the complainant, Noel Melgara, the building's custodian, the People charged defendant with several offenses, including possession of a stolen credit card. Defendant ultimately pleaded guilty to criminal possession of stolen property in the fifth degree (Penal Law § 165.40) in satisfaction of the charges, and, at sentencing, the Criminal Court, concluding that the allegations in the accusatory instrument justified the relief, issued a permanent order of protection in favor of Mr. Melgara.
On appeal, defendant contends that the Criminal Court was without authority to issue an order of protection in favor of Mr. Melgara. However, as defendant failed to object to the order of protection on that ground at sentencing, the claim is not preserved for appellate review (see e.g. People v Raduns, 70 AD3d 1355 [2010]). Nevertheless, in the exercise of our authority to review the matter in the interest of justice (see CPL 470.15 [6] [a]; People v Cooke, 119 AD3d 1399, 1401 [2014]; People v Raduns, 70 AD3d 1355; People v Allums, 18 AD3d 768, 769 [2005]; People v Johnson, 16 AD3d 521, 522 [2005]), we find that the order of protection was unauthorized, as Mr. Melgara is not a victim, a victim's family member, or a witness to the offense of criminal possession of stolen property in the fifth degree (see CPL 530.13 [4]; People v Cooke, 119 AD3d at 1401; People v Raduns, 70 AD3d at 1355; People v Creighton, 298 AD2d 774, 776 [2002]). 
Accordingly, the judgment of conviction, insofar as appealed from, is reversed and the permanent order of protection in favor of Noel Melgara is vacated. Insofar as the judgment convicted defendant of criminal possession of stolen property in the fifth degree and imposed sentence, it is undisturbed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: January 24, 2017