People v Caruthers (2021 NY Slip Op 06270)





People v Caruthers


2021 NY Slip Op 06270


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


902 KA 15-01935

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL CARUTHERS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered September 16, 2015. The judgment convicted defendant upon a jury verdict of rape in the first degree (two counts), rape in the second degree (two counts), criminal sexual act in the first degree, criminal sexual act in the second degree and criminal obstruction of breathing or blood circulation. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of rape in the first degree (Penal Law § 130.35 [1]) and one count of criminal obstruction of breathing or blood circulation (§ 121.11 [a]). Contrary to defendant's contention, the criminal obstruction of breathing or blood circulation conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Contrary to defendant's contention, County Court properly refused to suppress the victim's identification testimony (see People v Owens, 161 AD3d 1567, 1568 [4th Dept 2018], lv denied 34 NY3d 1161 [2020]; People v Bolden, 109 AD3d 1170, 1172 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]). Contrary to defendant's further contention, the video evidence was adequately authenticated (see People v Oquendo, 152 AD3d 1220, 1220-1221 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). Moreover, any error in the admission of the statements made by the victim immediately after the crime is harmless (see People v Ridgeway, 295 AD2d 879, 880 [4th Dept 2002], lv denied 98 NY2d 713 [2002]). We reject defendant's contention that defense counsel was ineffective in connection with plea bargaining inasmuch as "the People refused to extend any offers due to defendant's criminal history" (People v Spencer, 183 AD3d 1258, 1259 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]). Contrary to defendant's further contention, counts three and four of the indictment were not rendered duplicitous by the victim's trial testimony (see People v McFadden, 148 AD3d 1769, 1772 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]). Defendant's specific sentencing arguments are without merit. Defendant's remaining contentions do not warrant reversal or modification of the judgment.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court