■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GATES, Appellant. [657 NYS2d 101] —Mikoll, J. P. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered March 21, 1995, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

On April 1, 1994 defendant was arrested by Police Officer Louis Somma for driving while intoxicated. Prior to the arrest, defendant appeared at a convenience store in the Village of Fort Edward, Washington County, with his five-year-old son where he purchased beer and ice cream. Clerks present in the store observed his condition and concluded that he was

intoxicated. A phone call was made to the police reporting defendant's condition and that he was leaving the store with the young boy. Somma responded to the complaint, arriving as defendant left the store and was entering a vehicle parked near the door. Somma noticed defendant drinking from an open can of beer, saw him back his vehicle out of the parking space and drive south onto Broadway where he was apprehended.

Defendant was indicted and charged with, *inter alia,* two counts of driving while intoxicated as a felony and one count of endangering the welfare of a minor. Defense motions to suppress any statements made at the time of arrest were denied by County Court. Additionally, defendant's motion to have the County Judge recuse himself for bias because he had prosecuted defendant as a District Attorney on prior occasions was also denied. Following a jury trial, defendant was found guilty of the two counts of driving while intoxicated and was sentenced to concurrent terms of imprisonment of $1^1/_3$ to 4 years on each count.

Defendant's contention that the trial testimony of Somma was "incredible as a matter of law" is rejected. We find no evidence that defendant was convicted based on perjurious testimony. Minor inconsistencies between the statements of Somma, the store clerks and the police dispatcher do not render Somma's testimony perjurious or incredible as a matter of law. We thus find defendant's reliance on *People v Geaslen* (54 NY2d 510, 516) to be misplaced.

Defendant also contends that because inaccurate and false testimony was presented by the prosecution to obtain the Grand Jury indictment, the indictment and subsequent conviction must be dismissed. In view of the fact that there is an absence of any proof directly contradicting Somma's testimony, defendant is precluded from challenging the sufficiency of the evidence before the Grand Jury after having been convicted by legally sufficient evidence (*see, People v Schulze,* 224 AD2d 729, *lv denied* 88 NY2d 853).

We reject defendant's claim that County Court improperly allowed testimony concerning defendant's intoxicated condition by witnesses who observed defendant subsequent to his arrest because such testimony was cumulative, irrelevant, and its probative value was outweighed by prejudicial effect. The testimony of police officers was properly admitted to rebut defendant's claim, raised on cross-examination, that Somma did not have probable cause to arrest defendant. County Court did not abuse its discretion in allowing such limited evidence.

Defendant's argument that his statutory right to a speedy trial pursuant to CPL 30.20 and CPL 30.30 (1) (a) was violated because he was arrested on April 2, 1994 but not indicted until August 19, 1994 is also rejected. This claim was not preserved for appellate review since it was not made in writing and upon reasonable notice to the People as required by CPL 210.45 (1) (*see, People v Lawrence*, 64 NY2d 200, 203). In any event, the record indicates that the People expressed their readiness for trial by submitting a notice of readiness for trial to the required court clerk and defense counsel on August 19, 1994, well within the statutory time period (*see,* CPL 30.30; *see also, People v Kendzia*, 64 NY2d 331, 337).

Finally, defendant's claim that County Court abused its discretion in imposing concurrent prison terms of $1^1/3$ to 4 years for driving while intoxicated as a felony is rejected. Defendant had prior alcohol-related convictions and the record indicates that County Court considered all the relevant factors before pronouncing sentence (*see, People v Reyes*, 222 AD2d 904, *lv denied* 87 NY2d 976).

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.