■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MARRERO, Appellant. [686 NYS2d 524] —Graffeo, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered July 15, 1997, convicting defendant upon his plea of guilty of three counts of the crime of criminal sale of a controlled substance in the second degree.

On April 10, 1996 and May 1, 1996, defendant was charged in three separate indictments with a total of four counts of criminal sale of a controlled substance in the second degree and three counts of criminal sale of a controlled substance in the third degree. Thereafter, on May 28, 1996, defendant was arraigned and counsel was assigned to represent him. Defense counsel filed two motions and eventually, on June 4, 1996, the People filed their notice of readiness for trial. On July 8, 1997, defendant entered pleas of guilty to three counts of criminal sale of a controlled substance in the second degree in full satisfaction of the remaining counts. As a result, County Court sentenced defendant as a second felony offender to concurrent indeterminate terms of imprisonment of six years to life. Defendant now appeals contending that his constitutional right to a speedy trial (*see*, CPL 30.20) was violated.

We begin by acknowledging that the constitutional right to a speedy trial may, indeed, be surrendered (*see, People v Rodriguez*, 50 NY2d 553, 557). Since, as defendant readily concedes, prior to the entry of his guilty pleas he made no motion to dismiss the indictments on the ground of denial of the right to

a speedy trial, defendant has waived this claim (*see, People v Lawrence*, 64 NY2d 200, 203-204; *People v Jordan*, 62 NY2d 825, 826; *People v Gates*, 238 AD2d 729, 731, *lv denied* 90 NY2d 905; *see also*, CPL 210.20 [1] [g]; [2]; 210.45 [1]). In any event, mere delay, which is in essence all that the record in this case reflects, is insufficient by itself to constitute a meritorious claim for violation of the right to a speedy trial (*see, People v Taranovich*, 37 NY2d 442, 444-447; *People v Kindlon*, 217 AD2d 793, 794, *lv denied* 86 NY2d 844).

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.