[721 NYS2d 152]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. WARREN, Appellant.

Third Department, March 1, 2001

## APPEARANCES OF COUNSEL

*Bradford C. Riendeau,* Watertown, for appellant.

*Jerome J. Richards, District Attorney of St. Lawrence County,* Canton (*Laurie L. Paro* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

In satisfaction of nine pending indictments, defendant entered a plea of guilty of six crimes including, insofar as is relevant to this appeal, criminal contempt in the first degree and sexual abuse in the first degree. Pursuant to the terms of the plea bargain, which included a waiver of the right to appeal, defendant was sentenced as a second felony offender to determinate and indeterminate prison terms, resulting in a cumulative sentence of 9 to 10½ years. Additionally, an order of protection was entered in favor of defendant's spouse, who was the victim of the criminal contempt, and defendant's stepdaughter, who was the victim of the sexual abuse. Defendant now appeals challenging, *inter alia,* the scope and duration of the order of protection.

■ Inasmuch as defendant, who both agreed to the order of protection as part of the negotiated plea bargain and waived his right to appeal, did not move to withdraw the plea or vacate the judgment of conviction, his challenge to the issuance of the order of protection has not been preserved for our review (*see generally, People v Sanders*, 163 AD2d 616, *lv denied* 76 NY2d 944). As to the scope of the order of protection, which includes defendant's two biological daughters, we find defendant's challenge to be unpersuasive. To the extent that this particular claim survives defendant's waiver of the right to appeal, the case law makes clear that "[a]n order of protection, where appropriate, may be issued independent of the plea agreement" (*People v Roman*, 243 AD2d 831). As defendant's biological daughters apparently were included in the order of protection because they recently had begun residing in the same household as defendant's stepdaughter, their inclusion was authorized by CPL 530.13 (4) (b) and was entirely appropriate.

■ We do, however, find merit to defendant's challenge to the duration of the order of protection. As a starting point, inasmuch as "the order of protection * * * formed an integral part of the conviction and sentencing" (*People v Hernandez*, 93 NY2d 261, 267) and the duration of such order is expressly limited by statute (*see*, CPL 530.13 [4]), defendant's challenge to the duration of the order of protection is directed at an aspect of the underlying sentence. This issue is, therefore, preserved for review despite the plea bargain and the waiver of the right to appeal (*see, People v Seaberg*, 74 NY2d 1, 9).

Turning to the merits, CPL 530.13 (4) provides that in the case of a felony conviction, the duration of an order of protection "shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed." In fixing the expiration date of the underlying order of protection, County Court apparently added the three-year period to the maximum term of the aggregate of the entire sentence imposed upon defendant. We agree with defendant, however, that such three-year period must be added to the maximum term of the sentence imposed upon the counts upon which the order of protection was issued (*see, People v Nunez*, 267 AD2d 1050, 1051, *lv denied* 94 NY2d 905). Here, the order of protection was issued upon the criminal contempt and sexual abuse counts, and the sentence imposed upon each of those counts was 2 to 4 years, with such sentences to run concur-

rently with each other. Accordingly, the maximum duration of the order of protection is three years from the date of the expiration of the four-year maximum of those concurrent indeterminate terms. Inasmuch as the record before us is insufficient to permit correction of the specific expiration date fixed by County Court, this matter must be remitted for that purpose. Defendant's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

CARDONA, P. J., MERCURE, SPAIN and MUGGLIN, JJ., concur.

Ordered that the judgment is modified, on the law, by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.