■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GOODBAND, Appellant. [737 NYS2d 680] —Spain, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered January 25, 2001, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree, attempted sexual abuse in the first degree and sexual misconduct.

In satisfaction of a six-count indictment, defendant entered a plea of guilty of sexual abuse in the first degree and attempted sexual abuse in the first degree, based upon separate incidents involving his infant son, and sexual misconduct, based upon a third incident involving his wife. The plea agreement contained no promise regarding the sentence. County Court thereafter sentenced defendant to a three-year determinate prison term on the sexual abuse charge, with three years of postrelease supervision (*see*, Penal Law § 70.45). On the attempted sexual abuse charge, defendant was sentenced to an indeterminate prison term of 1 to 3 years, to run consecutively to the determinate prison term, and a definite sentence of one year was imposed on the sexual misconduct charge, to run concurrently with the indeterminate prison term. The court also issued an order of protection which, inter alia, prohibited defendant from having any contact with his wife and three children. Although defendant waived the right to appeal, he expressly reserved the right to challenge the sentence. Defendant now appeals, claiming that the sentence is harsh and excessive and that certain aspects of the order of protection are illegal.

In imposing sentence, County Court acknowledged the existence of mitigating factors, which included defendant's lack of a prior criminal record and his efforts to obtain counseling, but concluded that these factors were outweighed by aggravating factors, which included the harmful nature of the crimes and his lack of insight into the seriousness of the crimes. In view of the careful balance struck by County Court, we perceive no abuse of discretion nor do we find extraordinary circumstances

warranting disturbing the prison terms which, while substantial, are less than the maximum possible terms (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Further, the validity of the sentence was not affected by references in the presentence report to crimes for which defendant was not convicted (*see, People v Whalen*, 99 AD2d 883, 884; *see also*, CPL 390.30), as these references were based on admissions made by defendant during either the criminal investigation or the presentence investigation and provided County Court with relevant facts and circumstances surrounding the crimes for which defendant was convicted (*see, People v Neish*, 232 AD2d 744, 746-747, *lv denied* 89 NY2d 927). Also, in light of defendant's plea to separate and distinct offenses committed by separate and distinct acts, we find no merit to defendant's claim that consecutive sentences were impermissible for the sexual abuse and attempted sexual abuse charges (*see,* Penal Law § 70.25; *see also, People v Brown*, 80 NY2d 361; *People v Guillery*, 267 AD2d 781, 783, *lv denied* 94 NY2d 920).

The order of protection issued pursuant to CPL 530.12 prohibits defendant from having any contact with his wife and three children until January 25, 2015. Initially, we reject defendant's contention that the scope of the order had to be limited to the two victims of defendant's crimes or that the duration of the order as it pertains to his wife is limited under CPL 530.12 (5) to three years from the date of his conviction for the class A misdemeanor. "When a crime has been committed between members of the same family or household, an order of protection may be issued in favor of the victim of such crime *and members of the family or household of the victim * * *"* (*People v La Motte*, 285 AD2d 814, 816-817 [emphasis supplied] [citations omitted]). Nor do we find anything improper in the "other conditions" of the order (*see,* CPL 530.12 [5]) which prohibit defendant from using third persons to contact his family on his behalf.

With regard to the duration of the order, the applicable limit here is "three years from the date of the expiration of the *maximum* term of an indeterminate [sentence] or the term of a determinate sentence of imprisonment actually imposed" (CPL 530.12 [5] [ii] [emphasis supplied]; *see, People v Warren*, 280 AD2d 75). Defendant was sentenced to a three-year determinate sentence with three years postrelease supervision and a *consecutive* 1 to 3-year indeterminate sentence. Although apparently a novel question under CPL 530.12 (5), we reject defendant's contention that the aggregate effect of the consecutive prison terms should not be considered in determining the

expiration date of the prison sentences "actually imposed" (CPL 530.12 [5] [ii]; *see, People v Nunez*, 267 AD2d 1050, *lv denied* 94 NY2d 905), as the order of protection was issued upon all of defendant's crimes (*cf., People v Harris*, 285 AD2d 980; *People v Warren, supra* at 77-78). However, in this case, under Penal Law § 70.30 (1) (d), the aggregate maximum term of imprisonment for these consecutive sentences is four years (not six years).*

We additionally agree with the People that the three-year period of postrelease supervision must be included in the calculation of the duration of the order of protection, for the "indeterminate sentence also includes, as a part thereof, [the] additional period of post-release supervision" (Penal Law § 70.45 [1]; *see, People v Goss*, 286 AD2d 180). While the period of postrelease supervision—which "commence[s] upon the person's release from imprisonment to supervision by the division of parole" (Penal Law § 70.45 [5] [a])—may interrupt the running of defendant's sentences and, if successfully completed, may diminish the aggregate maximum term (*see*, Penal Law § 70.45 [5] [b]), such a sequence of events is speculative at the time of imposition of the sentence. Thus, for purposes of calculating the duration of the order of protection under CPL 530.12 (5) (ii), the sentence "actually imposed" also includes the full three-year period of postrelease supervision mandated for the determinate sentence (Penal Law § 70.45 [2]).

Accordingly, for the purposes of fixing the duration of the order of protection, the sentence actually imposed will expire in seven years. Adding the three-year period provided by CPL 530.12 (5), the appropriate maximum expiration date for the order of protection is 10 years from the date that defendant began serving his sentences, January 25, 2011, four years earlier than the date fixed by County Court.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by changing the expiration date of the order of protection to January 25, 2011, and, as so modified, affirmed.

---

* Under Penal Law § 70.30 (1) (d), effective until September 30, 2005, the minimum indeterminate term of one year is added to the determinate sentence of three years to arrive at the aggregate maximum term of imprisonment of four years (*compare*, Penal Law § 70.30 [1] [b] [eff. Sept. 30, 1995]).