■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GABRIEL, Appellant. [754 NYS2d 585] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 29, 2000, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree and driving while intoxicated.

Defendant waived indictment and agreed to be prosecuted by

superior court information charging him with criminal contempt in the first degree and driving while intoxicated following an incident in which he violated an order of protection issued by Family Court in favor of his ex-wife and children. He pleaded guilty to these charges and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced as a second felony offender to 2 to 4 years in prison for criminal contempt in the first degree and one year in jail for driving while intoxicated, to run concurrently. On April 6, 2000 following sentencing, County Court issued an order of protection, in favor of defendant's ex-wife and children, having an expiration date of April 2, 2020. Defendant appeals.

Defendant contends, and the People concede, that the expiration date of April 2, 2020 imposed by County Court as part of the order of protection violates the provisions of CPL 530.13 (4). We agree. CPL 530.13 (4) provides, in pertinent part: "The duration of such an order [of protection] shall be fixed by the court and, in the case of a felony conviction, shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed." On March 29, 2000, defendant was sentenced on the felony conviction to an indeterminate term of 2 to 4 years in prison. The maximum term of imprisonment will expire in 2004. According to CPL 530.13 (4) (ii), the order of protection may not be extended more than three years beyond this time and, therefore, must expire in 2007. Because April 2, 2020 is well outside this time frame, the duration of the order of protection is not authorized by the statute (*see People v Holmes*, 294 AD2d 871, 872, *lv denied* 98 NY2d 730; *People v Warren*, 280 AD2d 75, 77). However, because the record is insufficient to permit correction of the expiration date set by County Court, the matter must be remitted to County Court to remedy this defect (*see People v Warren*, *supra* at 78).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.