■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL H. BANCROFT, Appellant. [803 NYS2d 824]—

Mercure, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 15, 2004, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to the crime of attempted robbery in the second degree, waiving his right to appeal. County Court sentenced defendant as a second felony offender to the three-year prison term contemplated by the plea agreement and also issued an order of protection on behalf of the victims, set to expire six years from the date of defendant's conviction. Defendant appeals.

We reject defendant's contention that he was deprived of his constitutional right to a speedy trial (see CPL 30.20). Although this issue survives both the entry of defendant's guilty plea and his waiver of his right to appeal (see People v Seaberg, 74 NY2d

1, 9 [1989]), "the constitutional right to a speedy trial may, indeed, be surrendered" where, as here, a defendant fails to make a pretrial motion to dismiss the indictment or otherwise register an appropriate objection on this ground throughout the course of his prosecution (*People v Marrero*, 259 AD2d 836, 836-837 [1999], *lv denied* 93 NY2d 927 [1999]; *see People v Jordan*, 62 NY2d 825, 826 [1984]; *People v Denis*, 276 AD2d 237, 247 [2000], *lv denied* 96 NY2d 861 [2001]; *People v Haas*, 229 AD2d 733, 733-734 [1996], *lv denied* 88 NY2d 1021 [1996]). By failing to raise his speedy trial claim before the trial court, defendant has thus waived it and is precluded from seeking appellate review of the matter (*see People v Jordan, supra* at 826). "In any event, mere delay, which is in essence all that the record in this case reflects, is insufficient by itself to constitute a meritorious claim for violation of the right to a speedy trial" (*People v Marrero, supra* at 837; *see People v Taranovich*, 37 NY2d 442, 444-447 [1975]; *People v Kindlon*, 217 AD2d 793, 794 [1995], *lv denied* 86 NY2d 844 [1995]).

We agree with defendant, however, that the expiration date of his order of protection was calculated incorrectly. Although this issue is also unpreserved due to defendant's failure to raise it before County Court (*see People v Nieves*, 2 NY3d 310, 315-318 [2004]), we exercise our discretion to modify the judgment in the interest of justice (*see* CPL 470.15 [6] [a]). As defendant asserts, County Court failed to take into account his jail-time credit, representing more than seven months of pretrial incarceration (*see generally People v Nieves, supra* at 317-318). Once this credit is added to the existing duration of the current order of protection, the time frame exceeds the limits permitted by CPL 530.13 (4). Accordingly, the matter must be remitted to County Court for a new determination of the order of protection's duration (*see People v Gabriel*, 302 AD2d 680, 680 [2003]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.