■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON R. NUGENT, Appellant. [818 NYS2d 362]—

Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered February 28, 2005, (1)

convicting defendant upon his plea of guilty of two counts of the crime of grand larceny in the fourth degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

Criminal charges were filed against defendant while he was on probation for a 2003 conviction of criminal possession of stolen property in the fourth degree. He ultimately waived his right to appeal and, in satisfaction of all charges, pleaded guilty to two counts of grand larceny in the fourth degree and a probation violation. In accordance with the plea agreement, County Court revoked defendant's probation, sentenced him to a prison term of 1 to 3 years on the probation violation and, as a second felony offender, also sentenced him to two concurrent terms of 2 to 4 years on the grand larceny convictions, with those terms to run consecutively with his probation violation sentence. The court also ordered defendant to pay restitution in the amount of $16,035 and issued an order of protection. Defendant now appeals.

Initially, defendant's challenges to the sufficiency of the plea allocution and the adequacy of County Court's explanation of the consequences of his waiver of the right to appeal are not preserved for our review because of his failure to move to withdraw his plea of guilty or vacate the judgment of conviction. Even if we were to consider these arguments, we would find them to be meritless. It was not necessary that defendant independently recite the facts underlying the crime to which he pleaded guilty and his affirmative response to County Court's description of the crime and inquiry as to whether defendant committed it did not cast doubt on his guilt or the voluntariness of his plea (*see People v Mahar*, 12 AD3d 715, 716 [2004]; *People v Snare*, 11 AD3d 823, 824 [2004], *lv denied* 4 NY3d 748 [2004]). Defendant also executed a written general waiver of appeal which clearly explained that he was giving up the right to an appeal which he otherwise would have after pleading guilty.

Next, the waiver of the right to appeal, which County Court carefully confirmed, prevents defendant from requesting us to review the severity of his sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Clow*, 10 AD3d 803, 804 [2004]). Defendant's claim of ineffective assistance of counsel also is unpreserved for our review (*see People v Flood*, 16 AD3d 772, 772 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Scott*, 12 AD3d 716, 717 [2004]). Were we to consider it, we would find it to be without merit. Counsel negotiated an advantageous plea agreement and nothing in the record casts doubt on his apparent effectiveness (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Scott, supra* at 717-718).

However, despite the waiver of appeal, defendant's challenge to the imposition of restitution is properly before us (*see People v Branch-El [Branch] [Dre]*, 12 AD3d 785, 786 [2004], *lvs denied* 4 NY3d 761, 763 [2005]), and we find merit in that challenge. Inasmuch as the People concede that the payment of restitution was not included in the plea agreement and County Court did not give defendant the option of withdrawing his plea or accepting the greater sentence, remittal is required for that purpose or, alternatively, the imposition of the sentence promised (*see People v Snyder*, 23 AD3d 761, 762-763 [2005]; *People v Schwickrath*, 23 AD3d 707, 708-709 [2005]; *People v Branch-El, supra* at 786).

We also agree with defendant that the expiration date of the order of protection issued by County Court was calculated incorrectly. Although this issue is also unpreserved due to defendant's failure to raise it before County Court, we exercise our interest of justice jurisdiction to modify the judgment in this regard (*see* CPL 470.15 [6] [a]; *People v Nieves*, 2 NY3d 310, 317 [2004]). County Court failed to give defendant credit for the five months or so that he spent in pretrial incarceration (*see People v Roman*, 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005]; *see also* Penal Law § 70.30 [3]). When such credit is added to the existing duration of the order of protection, it exceeds the limits permitted by CPL 530.13 (4). Accordingly, the matter must be remitted to County Court for a new determination of the duration of the order of protection (*see People v Gabriel*, 302 AD2d 680, 681 [2003]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed and by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.