■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CROWLEY, Appellant. [823 NYS2d 561]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 20, 2005, convicting defendant upon his plea of guilty of the crime of rape in the second degree (two counts) and course of sexual conduct against a child in the first degree (four counts).

In satisfaction of a 71-count indictment which charged various counts of rape and sexual abuse against three young sisters between 1995 and 1999 while he was babysitting them, defendant entered a guilty plea to rape in the second degree (two counts) and course of sexual conduct against a child in the first degree (four counts) as part of a plea agreement. A waiver of the right to appeal was recited as a term of the plea agreement, as well as a sentencing commitment. Upon his convictions, defendant was sentenced in accordance with the plea agreement to concurrent terms of imprisonment, the maximum being a 15-year sentence with five years of postrelease supervision on two of the four counts of course of sexual conduct against a child in the first degree. Defendant now appeals.

Initially, defendant's challenge to the validity of his waiver of appeal rights was not preserved as he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Campbell*, 29 AD3d 1083, 1083-1084 [2006], *lv denied* 7 NY3d 786 [2006]). In any event, we find that the record sufficiently demonstrates that defendant understood the terms of the plea, including his agreement to waive his right to appeal all issues, including his sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v*

*Seaberg*, 74 NY2d 1, 11 [1989]). We note, however, that while no "particular litany" is required (*People v Callahan, supra* at 283), it is preferable for the sentencing court to ascertain on the record that defendant had discussed the appeal waiver with counsel, or for the court to provide defendant with an opportunity to ask questions or an explanation of the plain meaning of a waiver of appeal, and to explicitly ask the defendant if he or she agreed to waive his or her appeal rights (*see People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]; *People v Evans*, 27 AD3d 905, 905-906 [2006], *lv denied* 6 NY3d 847 [2006]). Indeed, "Because only a few reviewable issues survive a valid appeal waiver, it is all the more important for trial courts to ensure that defendants understand what they are surrendering when they waive the right to appeal" (*People v Lopez, supra* at 256). Because defendant validly waived his right to appeal, he is precluded from challenging his negotiated sentence as harsh and excessive (*see id.* at 256; *People v Clow*, 10 AD3d 803 [2004]).

Next, defendant argues, and the People concede, that the expiration date of the permanent order of protection was calculated incorrectly in that County Court did not take into account defendant's jail time credit representing several months of incarceration before he began serving these sentences (*see* Penal Law § 70.30 [3] [a]; CPL 530.13 [4] [ii]; *People v Nugent*, 31 AD3d 976, 978 [2006]; *People v Bancroft*, 23 AD3d 850, 851 [2005], *lv denied* 6 NY3d 752 [2005]). While defects in the duration of orders of protection issued subsequent to the plea would typically survive an appeal waiver (*see People v Warren*, 280 AD2d 75, 77 [2001]; *see also People v Victor*, 20 AD3d 927, 928 [2005], *lv denied* 5 NY3d 833 [2005]; *People v Holmes*, 294 AD2d 871, 872 [2002], *lv denied* 98 NY2d 730 [2002]; *see e.g. People v Bancroft, supra* at 851), the issues raised by defendant are unpreserved due to his failure to raise them before County Court, and the exception to the preservation rule for illegal sentences is inapplicable (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]). We will, however, exercise our discretion to modify the judgment in the interest of justice (*see* CPL 470.15 [6] [a]; *see also People v Nugent, supra* at 978).

Here, County Court sentenced defendant on January 20, 2005 to concurrent sentences, the maximum being 15 years with five years of postrelease supervision, and issued an order of protection to safeguard the three victims for a 20-year period, i.e., effective until January 20, 2025, but, it is not clear that the court took into account any jail time credit. As the record is not sufficient to ascertain whether defendant remained continually

incarcerated on these charges as of September 16, 2004, and the People do not address this in their brief, remittal is necessary to remedy any defect (*see People v Nugent, supra* at 978; *People v Bancroft, supra* at 851; *People v Gabriel*, 302 AD2d 680, 681 [2003]).

As *People v Nieves* (*supra* at 317) makes clear, raising issues for the first time on appeal regarding the expiration date of permanent orders of protection is not the only or the "most desirable" course. "If [defendant's trial counsel] had raised the issue at sentencing, the court would undoubtedly have directed defendant to return after the [Department of Correctional Services] calculated his jail time credit so that the orders could be amended to reflect changes in defendant's release date, if appropriate. Had defendant sought correction of the orders in the trial court, amended orders would likely have been already issued in this case, obviating the expenditure of time and resources associated with an appeal [and the necessity for remittals]" (*id.* at 318). Thus, the defense bar is reminded that "the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order *to request relief from the issuing court in the first instance,* resorting to the appellate courts only if necessary" (*id.* at 317 [emphasis added]).

Finally, we adhere to our prior determination that a mandatory period of postrelease supervision (*see* Penal Law § 70.45 [1]) imposed upon a determinate sentence is part of the "sentence of imprisonment actually imposed" (CPL 530.13 [4]) for purposes of calculating the duration of the order of protection (*see People v Goodband*, 291 AD2d 584, 586 [2002]). Thus, County Court properly included defendant's five years of postrelease supervision in calculating the expiration date of the order of protection under CPL 530.13 (4) (ii).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.