■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LETTLEY, Appellant. [882 NYS2d 577]—

Peters, J.P. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered August 22, 2008, upon a verdict convicting defendant of nine counts of the crime of placing a false bomb or hazardous substance in the first degree.

Defendant was an inmate at Great Meadow Correctional Facility in Washington County when he committed the crime for which he stands convicted. Believing, among other things, that various prison staff and inmates were conspiring to kill him, that he was being controlled by electronic transmitters and that he was wrongly being denied medical attention and relief despite the myriad of grievances he filed, defendant attempted to gain attention to his plight by mailing 12 letters to various outside agencies, including the Federal Bureau of Investigation, several news outlets, nonprofit organizations and the office of an elected official, each of which contained a packet of a white powdery substance that ultimately proved to be foot powder. The receipt of such letters caused varying levels of emergency response from authorities.

Defendant, who had placed his name, return address and prisoner number on each letter, was subsequently interviewed by an inspector for the Department of Correctional Services, during which he freely admitted to sending the letters. Following a jury trial, defendant was convicted of nine counts of placing a false bomb or hazardous substance in the first degree and sentenced, as a second felony offender, to concurrent prison terms of seven years followed by five years of postrelease

supervision on each count, to run consecutively to the lengthy prison term he was then serving. He now appeals.

Defendant contends that the evidence introduced at trial was legally insufficient to support his conviction on all counts of placing a false bomb or hazardous substance in the first degree. We agree and, despite the fact that defendant failed to preserve this particular claim by making the appropriate objection during trial, we exercise our interest of justice jurisdiction to modify County Court's judgment (see CPL 470.15 [3] [c]; People v Crowley, 34 AD3d 866, 867 [2006], lv denied 7 NY3d 924 [2006]; People v Bancroft, 23 AD3d 850, 851 [2005], lv denied 6 NY3d 752 [2005]).

As relevant here, "[a] person is guilty of placing a false bomb or hazardous substance in the first degree when he or she places, or causes to be placed, in or upon school grounds, a public building, or a public place any . . . object that by its design, construction, content or characteristics appears to be or to contain, a . . . hazardous substance, but is, in fact, an inoperative facsimile or imitation of . . . a . . . hazardous substance and which he or she knows, intends or reasonably believes will appear to be a . . . hazardous substance under circumstances in which it is likely to cause public alarm or inconvenience" (Penal Law § 240.62). For the purposes of the statute, the term "[p]ublic building" is further defined by Executive Law § 401 (2), and refers to "all buildings including grounds and premises adjacent or appurtenant thereto or connected thereto belonging to the state, county, town, village, school district or any other political or civil subdivision of state or local government." Further, "[p]ublic place" is defined by Penal Law § 240.00 (1) as "a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence."

Here, the People presented no evidence to show that the locations at which the nine letters were received fell under the statutory definition of either public building or public place. Thus, the evidence convicting defendant of placing a false bomb or hazardous substance in the first degree was legally insufficient. Such evidence, however, was legally sufficient to convict defendant of a lesser included offense. Penal Law § 240.61, placing a false bomb or hazardous substance in the second degree, mirrors the language of the first degree offense, absent the requirement that the substance be placed "upon school grounds,

a public building, or a public place" (Penal Law § 240.62). Defendant's testimony, along with his admissions during the interview and the letters themselves, provided ample evidence to support convictions on this lesser charge.

Defendant testified that he was, indeed, the author of the letters, that he sent them in envelopes that contained a quantity of foot powder wrapped in tissue, that the letters, themselves, made reference to the fact that the substance appeared to be hazardous, and that he understood that the letters were likely to cause alarm. Defendant made similar admissions both during the interview and in a signed statement. Furthermore, a copy of the letter, a memo with the addresses to which they were sent and a container of foot powder were all found in defendant's cell. Inasmuch as the evidence is legally sufficient to convict defendant of the lesser included offense of placing a false bomb or hazardous substance in the second degree, we reduce his convictions accordingly (*see* CPL 470.15 [2] [a]; *People v Fuller*, 50 AD3d 1171, 1175-1176 [2008], *lv denied* 11 NY3d 788 [2008]; *People v George*, 43 AD3d 560, 564 [2007], *affd* 11 NY3d 848 [2008]). Further, after independently weighing and considering the evidence in a neutral light, we also find such convictions to be amply supported by the weight of the evidence (*see People v Hall*, 57 AD3d 1229, 1230-1231 [2008], *lv denied* 12 NY3d 784 [2009]; *People v Tillman*, 57 AD3d 1021, 1024 [2008]).

The remainder of defendant's contentions have been rendered academic by our decision or have been examined and found to be without merit.

Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing all of defendant's convictions of placing a false bomb or hazardous substance in the first degree to placing a false bomb or hazardous substance in the second degree; vacate the sentences imposed thereon and matter remitted to the County Court of Washington County for resentencing; and, as so modified, affirmed.