**Alexander ALHOVSKY,**
**Plaintiff–Appellant,**

v.

**Christopher PAUL, Police Officer, Timothy Morenzoni, Timothy Gavan, Police Officer, Defendants,**

**Thomas Ryan, Jose Alfonso, NYPD Detective, Panuccio, NYPD Officer Sgt., Defendants–Appellees.**

**No. 10–0063–cv.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2011.

Robert K. Erlanger, Erlanger Law Firm PLLC, New York, NY, for Appellant.

Ellen Ravitch, Assistant Corporation Counsel, Stephen J. McGrath (of counsel), Jeffrey A. Dougherty (of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellees.

Present: ROSEMARY S. POOLER, RICHARD C. WESLEY, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

On June 25, 2006, Alexander Alhovsky rode his bike to Starbucks after working as a clown and magician in Central Park. When he sat down, Alhovsky took off his heavy fanny pack, which contained the balloon pump he used to create balloon animals for children. Unfortunately, Alhovsky forgot his fanny pack on the chair when he left Starbucks. Nearly four hours later, when the employees were closing Starbucks, a manager opened the fanny pack and showed it to a coworker, who promptly threw it onto the sidewalk and called 911 to report a bomb. Two days later, the police, investigating whether Alhovsky had placed a false bomb, saw Alhovsky riding his bike with a similar device strapped to his waist—his back-up balloon pump. Three officers (Defendants–Appellees) arrested Alhovsky, took him to the precinct, interrogated him, searched his apartment, and released him—a process that took about 4.5 hours from arrest to release.

Alhovsky then sued the City of New York and six officers for excessive force, false arrest, false imprisonment, and intentional infliction of emotional distress. In this appeal, Alhovsky principally challenges the district court's grant of the arresting officers' motion for summary judgment regarding Alhovsky's federal and state claims of false arrest and false imprisonment. For those claims, the dis-

trict court held that the arresting officers were entitled to qualified immunity under federal and state law. The district court found that the officers had "arguable probable cause" for an arrest under New York Penal Law Section 240.62 (placing a false bomb in the first degree) and found that the length of detention was objectively reasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review the grant of summary judgment de novo, drawing all permissible factual inferences in favor of the nonmoving party. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir.2009). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a).

"Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir.2007) (citation and quotation marks omitted).

When accused of making a false arrest, an officer is entitled to qualified immunity when the officer's probable cause determination was objectively reasonable. *Id.* "An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* (quoting *Lennon v. Miller*, 66 F.3d 416, 423–24 (2d Cir.1995)). Probable cause to arrest "exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir.2007). Probable cause must extend to every element of the crime for which a person is arrested.

Here, Alhovsky challenges the district court's finding that there was probable cause to arrest Alhovsky under New York Penal Law Section 240.62. Section 240.62 states, in relevant part:

A person is guilty of placing a false bomb or hazardous substance in the first degree when [1] he or she places, or causes to be placed, in or upon school grounds, a public building, or a public place [2] any device or object that by its design, construction, content or characteristics appears to be or to contain, a bomb, destructive device, explosive or hazardous substance, [3] but is, in fact, an inoperative facsimile or imitation of such a bomb, destructive device, explosive or hazardous substance [4] and which he or she knows, intends or reasonably believes will appear to be a bomb, destructive device, explosive or hazardous substance [5] under circumstances in which it is likely to cause public alarm or inconvenience.

N.Y. Penal L. § 240.62 (brackets added).

Alhovsky does not dispute that he placed a device or object that appears to be or contain a bomb in a public place. However, Alhovsky argues that because the balloon pump was operable—as a balloon pump—it cannot be "an inoperative facsimile or imitation of a bomb" under Section 240.62 and therefore the officers could not reasonably have believed they had probable cause to arrest Alhovsky. We disagree. Section 240.62 applies to the placement of a device or object that looks like, but is not actually, a bomb, regardless

of whether the device is "operable" in some other context. *See People v. Lettley,* 64 A.D.3d 901, 882 N.Y.S.2d 577, 579 (2009) (finding sufficient evidence to convict defendant under Section 240.61 although the false hazardous substance was foot powder that could actually be used as foot powder).

Next, Alhovsky argues that the officers "could not have reasonably believed that Alhovsky had the culpable mental state under circumstances in which the balloon pump was likely to cause public alarm or inconvenience." This objection really has two parts: probable cause regarding (a) Alhovsky's mental state; and (b) whether the balloon pump was placed "under circumstances in which it is likely to cause public alarm or inconvenience." First, officers of reasonable competence could believe there was probable cause that Alhovsky knew, intended, or reasonably believed the device he left at Starbucks would appear to be a bomb. Alhovsky left a device that looked like a bomb, did not claim it over a course of days, and was seen immediately before his arrest carrying another such device. Second, officers of reasonable competence could believe that an abandoned device that looked like a bomb, was left at a Starbucks in New York City, and was not claimed over a course of days, was "place[d] ... under circumstances in which it is likely to cause public alarm or inconvenience." N.Y. Penal L. § 240.62.

In sum, the arresting officers had at least arguable probable cause to arrest Alhovsky, and thus have qualified immunity with respect to Alhovsky's federal false arrest claims.

Alhovsky also challenges the district court's finding that the officers had qualified immunity to Alhovsky's claims of false imprisonment. Alhovsky argues that "[t]here was no probable cause to detain Alhovsky after the balloon pump had been identified on the internet [during interrogations]." However, the fact that the device was indeed a balloon pump does not mean that it was not a "device or object that by its design, construction, content or characteristics appears to be or to contain, a bomb." N.Y. Penal L. § 240.62. The district court did not err in finding that it was objectively reasonable for the officers to detain Alhovsky for 4.5 hours—which, with an interrogation and search of his apartment, was an appropriate length of time in this case for the officers to determine that Alhovsky did not place his balloon pump in Starbucks knowing, intending, or reasonably believing that it would appear to be a bomb.

Lastly, Alhovsky challenges the district court's finding of qualified immunity regarding Alhovsky's state law claims of false arrest and false imprisonment.

"New York law ... grant[s] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis." *Jones v. Parmley,* 465 F.3d 46, 63 (2d Cir.2006); *see also Blouin ex rel. Estate of Pouliot v. Spitzer,* 356 F.3d 348, 364 (2d Cir.2004) ("The New York courts recognize the defense of qualified immunity to shield the government official from liability unless that action is taken in bad faith or without a reasonable basis.").

Because, as noted above, the arresting officers had at least arguable probable cause to arrest Alhovsky and they detained him for an objectively reasonable amount of time, the officers have state law immunity to Alhovsky's state law claims of false arrest and false imprisonment. Alhovsky has not shown that his arrest and subsequent imprisonment were "undertaken in bad faith or without a reasonable basis." *Jones,* 465 F.3d at 63.

We have considered all of Alhovsky's remaining arguments and find them to be

without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.